IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PETER MAKUYANA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-2173 |
| TRANSDEV SERVICES, INC., | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

On March 15, 2018, the Court ordered Plaintiff Peter Makuyana to show good cause by March 29, 2018, why this case should not be dismissed for failure to comply with the service requirements set forth in Federal Rule of Civil Procedure 4(m). ECF No. 4. Makuyana failed to show cause by the ordered date, instead filing a "response" to the order on April 5, 2018, requesting that the Court quash the Order. ECF No. 7. Two additional motions followed: a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for failure to serve filed by Defendant Transdev Services, Inc. ("Transdev"), ECF No. 10, and Makuyana's motion for an extension of time for service, ECF No. 11. All matters are fully briefed. The Court now rules pursuant to Local Rule 105.6 because no hearing is necessary.

Central to the disposition of this case is Makuyana's failure to show good cause for the delay in serving Transdev. Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If a defendant has not been served within this time frame, the Court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). Only if a plaintiff "shows good cause for the failure" may the Court extend the time for service "for an

1

appropriate period." *Id.*; *see Mendez v. Elliot*, 45 F.3d 75, 78–79 (4th Cir. 1995); *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016); *Gbane v. Capital One, NA*, Civil Action No. PX-16-701, 2016 WL 3541281, at *2 (D. Md. June 29, 2016).

The good-cause standard is a stringent one, generally requiring "the interference of some outside factor [that] prevented the otherwise-diligent plaintiff from complying with" Rule 4(m). *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs.*, Civil Action No. DKC 12-3228, 2013 WL 3072373, at *2 (D. Md. June 17, 2013) (citing *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.9 (D. Md. 2001)). At minimum, a showing of good cause requires a plaintiff to demonstrate that he exercised "reasonable diligence in trying to effect service." *Jones v. Sears, Roebuck & Co.*, Civil Action No. DKC 15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016) (citing *Burns*, 166 F. Supp. 2d at 439 n.9)). Inadvertence or carelessness does not suffice. *Burns*, 166 F. Supp. 2d at 439 n.9. Nor does a plaintiff's pro se status excuse timely service. *See Akakpo v. HSBC Bank USA, N.A.*, Civil Action No. PX 16-1082, 2017 WL 1048256, at *2 (D. Md. Mar. 20, 2017).

Here, Makuyana makes plain that his failure to timely serve Transdev was due to his attorney's oversight and to Makuyana's temporary pro se status. *See generally* ECF No. 7; *see also* ECF No. 16 ¶ 4. This is despite the attorneys for Transdev repeatedly attempting to contact Makuyana's counsel to accept service. *See* ECF No. 10-2.[1] In short, Makuyana's explanation for his failure to abide by the strictures of Rule 4(m) is insufficient to constitute good cause. *See Knott v. Atl. Bingo Supply, Inc.*, No. Civ. JFM-05-1747, 2005 WL 3593743, at *1–2 (D. Md.

---

[1] As Transdev notes, Transdev's actual knowledge of the suit is insufficient to excuse Makuyana's failure to serve. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (procedural requirement of service of summons must be satisfied before a court may exercise personal jurisdiction, "there must be more than notice to the defendant" of the suit); *Scott*, 673 F. App'x at 304, 305 ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff.").

Dec. 22, 2005) (serious illness of plaintiff's counsel was not good cause); *Akakpo*, 2017 WL 1048256, at *2 (inadvertence or neglect of counsel is not good cause); *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 76–78 (D. Md. 1995) (murder of pro se plaintiff's daughter was not good cause). Indeed, Makuyana points to no evidence that he pursued service in a reasonable and diligent manner.

Accordingly, it is this 22nd day of May, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Dismiss filed by Defendant TRANSDEV SERVICES, INC. (ECF No. 10) BE, and the same hereby IS, GRANTED;

2. The Motion for Extension of Time filed by Plaintiff PETER MAKUYANA (ECF No. 11) BE, and the same hereby IS, DENIED;

3. The Complaint filed by Plaintiff PETER MAKUYANA (ECF No. 1) BE, and the same hereby IS, DISMISSED WITHOUT PREJUDICE;

4. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties and to CLOSE this case.

| | |
|---|---|
| 5/22/2018 | /S/ |
| Date | Paula Xinis<br>United States District Judge |