IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PETER MAKUYANA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-2173 |
| TRANSDEV SERVICES, INC., | * | |
| Defendant. | * | |
| ****** | | |

**MEMORANDUM OPINION AND ORDER**

On May 22, 2018, the Court dismissed the above-captioned case because Plaintiff Peter Makuyana failed to show good cause why he did not comply with the service requirements of Federal Rule of Civil Procedure 4(m), and simultaneously denied Makuyana's motion for an extension of time in which to effectuate service. *See* ECF No. 18. Makuyana moves for the Court to alter its judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF Nos. 19, 20.[1] Defendant Transdev Services, Inc. ("Transdev") opposes the motion. ECF No. 21. The time for Makuyana to reply has expired. *See* D. Md. Loc. R. 105.2.a. No hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons below, the Court DENIES Makuyana's motion.

I.   **BACKGROUND**

The relevant facts were recounted in the Court's prior Memorandum Opinion and Order, ECF No. 18. On March 15, 2018, the Court ordered Makuyana to show good cause by March 29, 2018, why this case should not be dismissed under Rule 4(m). ECF No. 4. Makuyana failed to show cause by the ordered date, instead filing a "response" on April 5, 2018, requesting that

---

[1] The two motions appear to be identical. For simplicity's sake, the Court cites to ECF No. 19.

the Court quash the Order. ECF No. 7. Transdev then moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for failure to serve, ECF No. 10, and Makuyana moved for an extension of time for service, ECF No. 11. The Court denied Makuyana's motion, granted Transdev's motion, and dismissed the case. ECF No. 18.

Makuyana now moves for relief under Federal Rule of Civil Procedure 59(e), arguing that by requiring him to show *good* cause why he failed to abide by the requirements of Rule 4(m) in order to avoid dismissal, the Court committed an error of law. ECF No. 19 ¶ 6. Makuyana further argues that the Court's ruling conflicts with *Henderson v. United States*, 517 U.S. 654 (1996), which held that the time for service may be extended absent a showing of good cause. ECF No. 19 ¶ 8. Additionally, Makuyana asserts that the dismissal of this case without prejudice has the effect of a dismissal with prejudice, and violates due process and equal protection. ECF No. 19 ¶ 7. Transdev argues that Makuyana has not met the standard for relief under Rule 59(e), and that the Court did not err by requiring a showing of good cause, by refusing to extend the time for service, or by dismissing Makuyana's case. *See generally* ECF No. 21. For the reasons below, the Court agrees with Transdev.

## II.   LEGAL STANDARD

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have

been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright *et al.*, *supra*, § 2810.1, at 124).

### III. DISCUSSION

Makuyana argues that the Court improperly applied Rule 4(m) because the Court stated that it "must dismiss [an] action without prejudice" if a plaintiff fails to serve a defendant within 90 days after the complaint is filed and does not show good cause for the failure. Makuyana argues that the language of the rule allows the Court to order that service be effected within a specified time, regardless of a showing of good cause. *See* ECF No. 19 ¶¶ 4–6. Makuyana argues that the Court's requirement that Makuyana show good cause amounts to an error of law. ECF No. 19 ¶ 6. This aligns with Makuyana's understanding of *Henderson v. United States*, 517 U.S. 654 (1996), as allowing for an extension of the time for service even absent a showing of good cause.

The standard proposed by Makuyana is in conflict with the standard commonly employed by this Court. Even after *Henderson*, this Court generally requires a showing of good cause for the service deadline to be extended. *See Gbane v. Capital One, NA*, Civil Action No. PX-16-701, 2016 WL 3541281, at *2 (D. Md. June 29, 2016); *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293–94 (D. Md. 2013), *aff'd*, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013) (per curiam); *Smith v. Ocwen-Loan Servicing LLC*, Civil Action No. ELH-15-00424, 2015 WL 4092452, at *2–3 (D. Md. July 6, 2015). As such, the Court did not commit a clear error of law by requiring Makuyana to show good cause why he failed to serve Transdev in a timely manner.

3

Makuyana does not dispute that he failed to demonstrate good cause for missing the service deadline in this case. Instead, Makuyana argues that "dismissal of the instant matter without prejudice imparts prejudice" because the statute of limitations operates to bar the refiling of his Complaint. ECF No. 19 ¶ 7. Makuyana contends that because the statute of limitations applicable to Title VII actions such as his is shorter than the statutes of limitations that generally apply to other causes of action, dismissing his case for failure to serve "violates equal protection and due process." ECF No. 19 ¶ 7. The Court construes this to be an argument that dismissing Makuyana's Complaint rather than extending the time for service is manifestly unjust.

Even if Makuyana could not have refiled his action after this Court's dismissal of his Complaint, which Transdev disputes, *see* ECF No. 21 at 1 n.1, dismissal of Makuyana's Complaint was appropriate. *See Gbane*, 2016 WL 3541281, at *2; *Chen*, 546 F. App'x at 188; *Shilling v. Thomas*, Case No.: PWG-16-2696, 2017 WL 1035854, at *6 n.9 (D. Md. Mar. 16, 2017) (dismissing a complaint without prejudice for failure to abide by Rule 4(m) despite the statute of limitations barring the filing of another action). Moreover, any plaintiff who files suit close to the end of a limitations period and then fails to serve timely the defendant would be in a situation similar to Makuyana's, regardless of the type of claim at issue or the length of the statute of limitations. The Court cannot conclude that Makuyana's due process or equal protection rights have been violated or that a manifest injustice has occurred. Instead, as discussed in the Court's prior Memorandum Opinion and Order, it was Makuyana and his counsel's failure to pursue service in a diligent or reasonable manner that led to the dismissal of this suit.[2]

---

[2] The Court again notes Makuyana's failure to respond to the Court's show-cause order by the deadline required, which further supports dismissal of this suit.

## IV. CONCLUSION AND ORDER

In sum, Makuyana has not met the requirements of Rule 59(e), and the Court declines to alter or amend its previous judgment. Therefore, and for the reasons stated above, it is this 28th day of August, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Alter the Judgment filed by Plaintiff PETER MAKUYANA (ECF No. 19, ECF No. 20) BE, and the same hereby IS, DENIED;

2. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

 8/28/2018
Date

/S/
Paula Xinis
United States District Judge